AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>ARVIND SRINIVASAN | ) ) ) ) ) ) ) | Case No. 6:26-mj-00024-HBK |
| _____<br>*Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ~~06/4/2026~~ 6/14/2026 in the county of Mariposa in the
Eastern District of California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR 4.23(a)(1) | Operating or being in actual physical control of a motor vehicle is prohibited while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation |
| 36 CFR 4.23(c)(2) | Refusal by an operator to submit to a test under paragraph (c)(1) is prohibited and proof of refusal may be admissible in any related judicial proceeding. |
| 36 CFR 4.14(b) | Carrying or storing a bottle, can or other receptacle containing an alcoholic beverage that is open, or has been opened, or whose seal is broken or the contents of which have been partially removed, within a motor vehicle in a park |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated by reference

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sean Fitzgerald US Park Ranger
*Printed name and title*

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date: June 15, 2026
_____
*Judge's signature*

City and state: Yosemite, CA

Helena M. Barch-Kuchta
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

### BACKGROUND OF AFFIANT

1. I, Sean Colin Fitzgerald, further state I am a commissioned Law Enforcement Officer (Officer) with the National Park Service (NPS). I have been a commissioned law enforcement officer seasonally and permanently since 2016. I attended the Seasonal Law Enforcement Training Program at Santa Rosa Junior College in 2015, where I was certified by National Highway Traffic Safety Administration (NHTSA) in Driving While Impaired (DWI) detection and administration of the Standardized Field Sobriety Tests (SFSTs). In 2021, I was certified by NHTSA in Advanced Roadside Impaired Driving Enforcement (ARIDE). In 2022, I attended the Federal Law Enforcement Training Center (FLETC), where I was certified by NHTSA in DWI detection and administration of SFSTs. In 2023, I was certified by FLETC as a Field Training Officer (FTO). As an FTO, I have trained 14 different field trainees in the detection of criminal activity including DWI enforcement. During my career with the National Park Service, I have conducted or been involved in the investigation of approximately 20-30 DWI cases. This complaint is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

### JURISDICTION

2. The facts set forth in this criminal complaint occurred on June 14th, 2026, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

3. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

4. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Arvind Srinivasan (SRINIVASAN) violated the following laws of the United States on June 14th 2026 within Yosemite National Park:

   a. *36 CFR 4.23 (a) (1)  Operating or being in actual physical control of a motor vehicle is prohibited while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation*

   b. *36 CFR 4.23 (c) (2) Refusal by an operator to submit to a test under paragraph (c)(1) is prohibited and proof of refusal may be admissible in any related judicial proceeding.*

   c. *36 CFR 4.14 (b) Carrying or storing a bottle, can or other receptacle containing an alcoholic beverage that is open, or has been opened, or whose seal is broken or the*

PAGE **2** OF 7

*contents of which have been partially removed, within a motor vehicle in a park area is prohibited.*

## PROBABLE CAUSE

5. **Phase 1- Vehicle in Motion**

6. On June 14, 2026 I was driving my patrol vehicle on Southside Drive in Yosemite Valley heading eastbound. After driving passed the "Two Trees" pullout on Southside Drive, I observed a vehicle driving eastbound in the right lane with two other vehicles nearby. I observed the vehicle drive over the fog line on the right side approximately 2 times with its passenger side tires. As we passed the "4 Mile" pullout, the vehicle moved quickly to the right, where approximately half of the vehicle on the passenger side was out of the lane. The vehicle then moved back into the right lane and did not use a turn signal during this maneuver. I continued following the vehicle where I observed it drive over the right fog line approximately 6 more times with the passenger side tires and it drove over the center dotted 1 time with half of the driver's side tires until I activated my patrol vehicle's emergency lights at the LeConte bus stop. After activating my lights, the vehicle slowed down to the point of almost stopping. After a delay of approximately 2 seconds, the vehicle pulled into the bus stop pullout.

7. **Phase 2 – Initial Contact**

8. After stopping my patrol vehicle inline behind the vehicle, I approached the vehicle on the passenger side. As I walked by the rear passenger side window, I observed a mostly consumed 50 mL "shooter" of Jose Cuervo Especial Tequila on the floorboard behind the

PAGE 3 OF 7

driver's seat. I moved up to the front passenger window and identified myself. I did not observe any alcoholic beverage odors while at the passenger window. I asked where they were coming from and the driver, later identified as Arvind Srinivasan (SRINIVASAN), said that they had come from Glacier Point and were going to Curry Village. After running SRINIVASAN's Texas Driver's License through Yosemite Emergency Communications Center (YECC) near the rear passenger side of the vehicle, I asked both individuals how much alcohol they had to drink tonight and SRINIVASAN paused for 1-2 seconds and told me that they haven't had anything. I asked the passenger if he had any alcohol to drink and he said no. I asked them about the bottle of Jose Cuervo in the back seat and SRINIVASAN respond, "Oh that one, we had that one yesterday." I asked SRINIVASAN if they had any more alcohol in the vehicle and he gestured behind him and stated, "we had it." In response I said, "at Glacier Point?" and SRINIVASAN said, "yah" after pausing for approximately 1 second, he said, "no, not today. We had it but not today." I asked SRINIVASAN if they had any more alcoholic beverages in the vehicle and he told me they had some in the back. I told them I would be searching their vehicle for open containers of alcohol, and I removed the passenger first. I asked for a consent search of him and found nothing of note on his person and I did not observe any alcoholic beverage odors coming from him. I had him sit on a nearby bench and then removed SRINIVASAN. I asked SRINIVASAN for a consent search and he consented. I found nothing of note on his person, and I briefly smelled the odor of alcoholic beverages on him. I had SRINIVASAN sit next to his passenger on the bench.

9. Based on the observation of the Jose Cuervo Especial 50 mL bottle on the floorboard, at approximately 2157 hours I began a Carroll Doctrine search of the vehicle based on probable

cause of open containers in the vehicle. During the search, I observed the original Jose Cuervo Especial 50 mL on the floorboard behind the driver's seat and I found 2 additional partly consumed Jose Cuervo Especial 50 mL bottles on the floorboard under a bag behind the front passenger seat. Vehicle search concluded at approximately 2200 hours.

10. **Phase 3 – Standardized Field Sobriety Tests**

11. I brought SRINIVASAN over to a paved sidewalk. I told SRINIVASAN that I found some more of the Jose Cuervo"shooters" in the car. I asked SRINIVASAN if he had any of the shooters today and he paused and said "I invoke the 5th". I told SRINIVASAN that I was going to run him through SFSTs to make sure he was safe to drive.

12. I gave him instructions on the Horizontal Gaze Nystagmus test (HGN). During HGN, I observed lack of smooth pursuit in both eyes, I observed distinct and sustained nystagmus at maximum deviation, and I observed onset of nystagmus prior to 45 degrees. I observed a total of 6 out of 6 possible clues on HGN. 4 clues are needed to determine impairment.

13. I gave SRINIVASAN instructions on the Walk and Turn Test (WAT). During the instruction phase of the test, I observed him show cannot keep balance while listening to the instructions by breaking heel to toe. I observed him start too soon for 2 out of 2 possible clues during the instruction phase. During the walking phase of the test, I observed him not touch heel to toe and improper turn. I observed 2 out of 6 possible clues during the walking phase. I observed 4 out of 8 possible clues for WAT. 2 clues are needed to determine impairment.

14. I gave SRINIVASAN instructions for the One Leg Stand test (OLS). Officer Emley on scene kept the timer for me. SRINIVASAN raised his left foot and I observed approximately him put his foot down approximately 6 times and I observed him sway and use his arms for

balance. I observed 3 out of 4 possible clues for OLS. 2 clues are needed to determine impairment.

15. After conducting SFSTs, I asked clarifying medical questions and SRINIVASAN told me that he was on anxiety medication. Officer Emley came over with the preliminary breath test (PBT). At approximately 2210 hours, SRINIVASAN registered a 0.17 grams or more of alcohol per 210 liters of breath on the PBT.

16. At approximately 2211 hours, I placed SRINIVASAN under arrest for operating a motor vehicle under the influence of alcohol or drugs or any combination thereof that renders the operator incapable of safe operations.

17. After transporting SRINIVASAN to the Valley Ranger Office, I read the Required DUI Chemical Test statement to him. After reading it, SRINIVASAN asked to look at it himself, which I allowed him to do. SRINIVASAN stated that he did not know what he wanted to do. I told him that the test was required and that any refusal would be an additional charge and potential suspension of his driver's license. SRINIVASAN told me that without being able to consult with a lawyer, he would refuse. The test is documented as a refusal.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of ARVIND SRINIVASAN for operating a motor vehicle under the influence of alcohol or drugs or any combination thereof that renders the operator incapable of safe operations, and for having open containers of alcoholic beverage in the vehicle within Yosemite National Park on June 14, 2026.

Respectfully submitted,

Sean Colin Fitzgerald
United States Park Ranger
National Park Service

06/15/2026

Sworn to me in accordance with Fed.R.Crim.P. 4.1:

Helena M. Barch-Kuchta

The Honorable
United States Magistrate Judge
06/15/2026

Approved as to form by:

Christopher Dell Isola
US Park Ranger (Rule 180)
6/15/2026

PAGE **7** OF 7